**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-4130**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIYON NATHAN TURNER,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00462-WO-1)

———————————

Submitted: September 19, 2019            Decided: September 27, 2019

———————————

Before QUATTLEBAUM and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lisa S. Costner, LISA S. COSTNER, PA, Winston-Salem, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiyon Nathan Turner pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and possession of marijuana after having been convicted of two or more convictions for any drug, narcotic, or chemical offense, in violation of 21 U.S.C. §§ 844(a), 851(a) (2012) and 18 U.S.C. § 3551 (2012). The district court calculated Turner's advisory Sentencing Guidelines range under the U.S. Sentencing Guidelines Manual (2016) at 130 to 156 months' imprisonment and sentenced Turner to 120 months' imprisonment on count 1 and a consecutive sentence of 10 months' imprisonment on count 2, for a total prison term of 130 months.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Turner's guilty plea and abused its discretion in imposing the prison sentence. Turner was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Turner's plea agreement.* We affirm.

Because Turner did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only.  *United States v. Williams*,

---

\* Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

811 F.3d 621, 622 (4th Cir. 2016). To prevail on a claim of plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Our review of the record and counsel's brief leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Turner's guilty plea and that the court's omissions did not affect Turner's substantial rights. Critically, the record reveals that the court ensured Turner entered the plea knowingly and voluntarily with an understanding of the consequences and that the plea was supported by an independent basis in fact. Turner has not suggested that, but for the district court's omissions under Rule 11, he would not have entered his guilty plea. Accordingly, we discern no plain error in the district court's acceptance of Turner's guilty plea.

With respect to Turner's prison sentence, we review it for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory range or sentence under the Sentencing Guidelines, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently

explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the record establishes that Turner's prison sentence is procedurally and substantively reasonable. The district court properly calculated Turner's offense level, criminal history category, and Guidelines range. The court afforded the parties adequate opportunities to make arguments about the appropriate sentence and heard argument from counsel and allocution from Turner. After properly considering these matters, Turner's advisory Guidelines range, and relevant § 3553(a) factors, the district court sentenced Turner to a within-Guidelines sentence of 130 months' imprisonment. The court's explanation for its sentence, which explicitly referenced Turner's history and characteristics, the nature of his offense conduct, and the need for the sentence imposed to reflect the seriousness of his offense conduct and to deter him from his pattern of engaging in criminal conduct, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(B), was sufficient. Turner further does not point to any factors to overcome the presumption of reasonableness afforded his within-Guidelines sentence, and none are apparent from the record.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Turner, in writing, of the right to petition the

4

Supreme Court of the United States for further review. If Turner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Turner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*